FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 SEP 29 PM 3: 17

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| STEPHANIE VERONICA SUMLAR, | X | |
| Plaintiff, | X | |
| vs. | X | No. 02-2591-Ma/A |
| SHELBY COUNTY GOVERNMENT, | X | |
| Defendant. | X | |

## ORDER DISMISSING COMPLAINT
## AND
## ORDER ASSESSING APPELLATE FILING FEE

Plaintiff, Stephanie Veronica Sumlar, filed a pro se employment discrimination complaint under Title VII against Shelby County. On November 1, 2002, the defendant filed a motion for a more definite statement. On November 27, 2003, the Court granted the defendant's motion and directed Sumlar to amend her complaint to state facts, including dates and specific occurrences, that demonstrate the basis for her Title VII claims. The order was not docketed until December 2, 2002.

On December 23, 2002, plaintiff filed an amended complaint. Defendant Shelby County did not file an answer in response to the amended complaint. The Court reviewed the file and determined that plaintiff had failed to certify that a copy of the amended complaint and attached exhibits had been mailed to counsel for defendant. The Court further determined that plaintiff had failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court despite the Court's admonition in two previous

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 9-30-05

//

orders. The Court entered an order on February 24, 2004, which stated:

> Plaintiff is again ordered to comply with all local and federal rules applicable to her case. It is further ordered that plaintiff serve a copy of every further document filed in this cause on the attorney for the defendant and make a certificate of service on every document filed. Plaintiff is hereby directed that any further documents that do not contain a certification at the end reading:
>
>> I hereby certify that a true and exact copy of the foregoing has been forwarded by first class, postage prepaid mail, to Eugene C. Gaerig, 100 N. Main Building, Suite 3118, Memphis, Tennessee 38103, on this ____ day of _____, 2004.
>>
>>                                    _____
>>                                    Stephanie Sumlar
>
> will not be filed by the clerk. The Clerk is hereby ordered not to file upon the docket any further document submitted by plaintiff which does not contain a certificate of service upon opposing counsel.
>
> Plaintiff's failure to comply with these requirements, this order, or any other order of the Court, may result in this case being dismissed without further notice.

On February 26, 2004, counsel for the defendant filed a "Notice of Non-Receipt of Amended Complaint", which states that he had not received a copy of the amended complaint and that his only notice of the filing of the amended complaint was the Court's order entered February 24, 2004.

No further pleadings have been docketed in this case. A pro se plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) (holding that

2

dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). A dismissal with prejudice under Rule 41(b) is warranted only when a "clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." Consolidation Coal Co. v. Gooding, 703 F.2d at 233, quoting Gonzales v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980).

Plaintiff ignored the Court's order which required her to comply with all local and federal rules applicable to her case. Plaintiff did not forward a copy of her amended complaint to defense counsel. Plaintiff's marked lack of diligence in familiarizing herself with the Federal Rules of Civil Procedure and the local rules of this Court is unreasonable and contumacious.

Accordingly, pursuant to Rule 41(b), plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with the order of the Court.

As the complaint is being dismissed because the plaintiff plainly failed to comply with the Court's order, there is no basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997). By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

So ORDERED this 29th day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:02-CV-02591 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Stephanie Veronica Sumlar
4938 N. Brooksbank Cove
Memphis, TN 38141

Honorable Samuel Mays
US DISTRICT COURT